# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | ROBERT W. GETTLEMAN | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 1700 | **DATE** | 28 March 2008 |
| **CASE TITLE** | Henry Mallory (#N-91628) vs. Lawrence Weiner, et al. | | |

**DOCKET ENTRY TEXT:**

The plaintiff's motion for leave to proceed *in forma pauperis* [#3] is denied pursuant to 28 U.S.C. § 1915(g) and the complaint is summarily dismissed. The case is terminated. The plaintiff's motion for appointment of counsel [#4] is denied as moot. Dismissal is with prejudice as to the plaintiff's claims concerning the Dixon Correctional Center and without prejudice with respect to his claims against the Pontiac Correctional Center. Having brought this action, the plaintiff nevertheless remains obligated to pay the full filing fee. Before pursuing any future litigation, the plaintiff must pay any outstanding fees.

■ [For further details see text below.]    Docketing to mail notices.

## STATEMENT

The plaintiff, a state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that correctional officials and health care providers at the Dixon and Pontiac Correctional Centers have violated the plaintiff's constitutional rights by forcibly administering psychotropic drugs.

The court discerns no basis for venue in this judicial district and division. Dixon is located in the Northern District's Eastern Division, while Pontiac lies in the Central District of Illinois federal judicial district. *See* 28 U.S.C. § 93.

As Judge Reinhard of the Western Division has advised the plaintiff, he has "struck out" pursuant to 28 U.S.C. § 1915(g) and is therefore ineligible to proceed "in forma pauperis" in the absence of imminent danger of serious physical injury. *See Mallory v. Bock,* Case No. 05 C 50114 (N.D. Ill.), Minute Order of June 23, 2005 (Reinhard, J.); *Mallory v. Unknown Federal Agents, et al.,* Case No. 06 C 50165 (N.D. Ill.), Minute Order of September 21, 2006 (Reinhard, J.).

Apparently recognizing his 1915(g) status, the plaintiff maintains that he is in "imminent danger of being committed to a state asylum." However, the prospect of civil commitment does not appear to carry any risk of physical injury; in any event, any claim against officials at the Dixon Correctional Center involves no imminent risk since the plaintiff is no longer confined at that facility. Accordingly, the plaintiff's claims against Dixon defendants are dismissed pursuant to 28 U.S.C. § 1915(g).

(CONTINUED)

mjm

## STATEMENT (continued)

In turn, any cause of action relating to the conditions of the plaintiff's confinement at the Pontiac Correctional Center must be dismissed as improperly joined. Those claims do not involve a nucleus of facts in common with the plaintiff's core claims against the Dixon defendants. The plaintiff must file a separate action against Pontiac officials. *See* Fed. R. Civ. P. 18(a) and 20(a); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). The statute of limitations does not appear to pose an obstacle to refiling suit against Pontiac officials in the U.S. District Court for the Central District of Illinois.

For the foregoing reasons, the plaintiff's claims regarding his treatment at the Dixon Correctional Center are dismissed pursuant to 28 U.S.C. § 1915(g). The plaintiff's claims regarding his treatment at the Pontiac Correctional Center are dismissed without prejudice as improperly joined. However, having brought this action, the plaintiff remains obligated to pay the full filing fee. *See* 28 U.S.C. §1915(b)(1); *Sloan*, 181 F.3d at 859. Before pursuing any future litigation, the plaintiff must pay any outstanding fees. *Id.*